**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:13CV-00030-JHM**

**PEERLESS INDEMNITY INSURANCE COMPANY**          **PLAINTIFF/**
**COUNTERCLAIM DEFENDANT**

vs.

**STMCA LLC**          **DEFENDANT/**
**COUNTERCLAIMANT**

## REPORT AND RECOMMENDATION

Pursuant to Title 28, United States Code, Section 636(b)(1)(A), this matter has been referred to the undersigned for disposition of all pretrial motions with the exception of dispositive motions (DN 5).

This is an action asserted by Plaintiff Peerless Indemnity Insurance Company against STMCA LLC, identified in the Complaint as a limited liability corporation formed under the laws of Kentucky with its principal place of business in Bowling Green, Kentucky (DN 1). Plaintiff has recently filed a motion for a status conference (DN 10), calling to the Court's attention that an answer and counterclaim has been filed on behalf of the Defendant by Michael Barrick, who identifies himself in the pleading as managing member of STMCA LLC (DN 8). Plaintiff notes that a non-attorney may not represent a corporate entity in legal proceedings in Kentucky, and has requested a status conference to address the issue. Plaintiff also notes that, absent the pleading filed as DN 8, the Defendant is otherwise in default.

The undersigned agrees that Plaintiff's position regarding Mr. Barrick's filing of a pleading on behalf of the LLC is well-founded. The Kentucky Court of Appeals

specifically held that a non-attorney may not act in a representative capacity for an LLC entity.  Bobbett v. Russellville Mobile Park, LLC, 2008 Ky. App. Unpub. LEXIS 991 (Ky. App. 2008) (unpublished).

While 28 U.S.C. § 1654 provides that in all courts of the United States the parties may plead and conduct their own cases personally or by counsel, that statute does not permit persons to appear *pro se* where interests other than their own are at stake. Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Moreover, "[t]hat a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law." Heldt v. Nicholson, 2000 U.S App. LEXIS 21246, 2000 WL 1176879, at *1 (6th Cir. 2000).  The Court is charged with ensuring that those appearing before it as legal advocates do not engage in the unauthorized practice of law as defined by the rules promulgated by the Supreme Court of Kentucky and as prohibited by K.R.S. § 524.130.

As it appears that the pleading styled "Answer and Counterclaims" filed as DN 8 constitutes an unauthorized practice of law, the undersigned recommends that the pleading be stricken from the docket.  As the pleading purports to set forth a counterclaim in addition to the answer, striking the pleading may be dispositive in nature.  The undersigned therefore presents a report and recommendation for ruling by the District Judge.

**RECOMMENDATION**

 Based upon the foregoing, the undersigned respectfully recommends that the pleading filed by Defendant at DN 8 be **STRICKEN** from the docket.

 ENTERED this

**NOTICE**

 Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be mailed to all parties. Within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

 ENTERED this

Copies to: Counsel of Record
     Michael Barrick
     Erica Skinner, Case Manager