UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:13CV-00030-JHM

PEERLESS INDEMNITY INSURANCE COMPANY                    PLAINTIFF

and

GENERAL INSURANCE COMPANY OF AMERICA         INTERVENING PLAINTIFF

VS.

STMCA LLC                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, STMCA LLC, to set aside entry of default [DN 28]; on an amended motion by Defendant to set aside entry of default [DN 32]; on a motion by Defendant for leave to file an answer and counterclaim out of time [DN 34]; and on a motion by Plaintiff, Peerless Indemnity Insurance Company, for default judgment [DN 30]. Fully briefed, this matter is ripe for decision.

## BACKGROUND

Plaintiff, Peerless Indemnity Insurance Company, filed this declaratory action on March 22, 2013, against Defendant, STMCA LLC, seeking a declaration that the insurance policy Plaintiff issued to Defendant does not provide coverage for the alleged theft of some jade pieces. Defendant, through its agent, Michael Barrick (hereinafter "Barrick"), filed an answer to the complaint and a counterclaim on June 19, 2013. Plaintiff moved to strike the answer and counterclaim because Barrick could not file a pleading on behalf of the company. On June 26, 2013, Magistrate Judge Brent Brennenstuhl issued a Report and Recommendation recommending the answer filed by Barrick on behalf of Defendant be stricken from the record. No objection was filed. On August

13, 2013, the Court adopted the Report and Recommendation issued by the Magistrate Judge ordering the answer and counterclaim filed by Barrick on behalf of Defendant be stricken from the docket. No time period for filing a responsive pleading was specified in the Order.

On September 4, 2013, Plaintiff filed a motion for entry of default. On September 9, 2013, an entry of default was entered against Defendant by the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). Defendant now moves to set aside entry of default and for leave to file its answer and counterclaim out of time. Plaintiff has filed a motion for entry of a default judgment. The Court shall first address the Defendant's motion to set aside entry of default.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Under the "good cause" standard of Rule 55(c), "'the district court enjoys considerable latitude' to grant a defendant relief from a default entry." U.S. S.E.C. v. Marklinger, 489 Fed. Appx. 937, 939 (6th Cir. July 30, 2012) (citing Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)). When a defendant seeks relief from entry of default, "the Court must consider three equitable factors to determine whether 'good cause' is shown: '(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.'" Aprile Horse Transp., Inc. v. Prestige Delivery Systems, Inc., 2013 WL 5220513, *1 (W.D. Ky. Sept. 16, 2013)(citing Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir. 2006) (quoting Waifersong, 976 F.2d at 292)).

### A. Culpable Conduct

Defendant argues that it made an honest mistake about when the time to file an answer was

due. Defendant represents that Barrick originally filed an answer and counterclaim on behalf of STMCA; that STMCA did not receive notice that its answer had been stricken until August 24, 2013; and that if the default had not been entered, STMCA could have filed an answer within 21 days of its notice of the Order striking the answer. The docket sheet reflects that the mail delivered to Barrick was returned as undeliverable as early as July 1, 2013.

In the context of a motion to set aside entry of default under Fed. R. Civ. P. 55(c), "it is not necessary that conduct be excusable to qualify for relief . . . ." Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 194 (6th Cir. 1986). "Instead, for a party's conduct to be deemed culpable 'the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" Seye v. Community Yellow Cab NK Management, L.L.C., 2011 WL 3739142, *1(E.D. Ky. Aug. 2, 2011)(citing Shepard Claims Servicing, Inc., 796 F.2d at 194). Thus, the fact that Defendant failed to object to the Magistrate Judge's Report and Recommendation or file his answer does not demonstrate any intent to thwart judicial proceedings. Shepard Claims Service, Inc., 796 F.2d at 194. In fact, Defendant filed the motion to set aside the entry of default within three days of its entry. Seye, 2011 WL 3739142, *2 (citing Shepard Claims Service, Inc., 796 F.2d at 194–95 (quoting 6 Moore's Federal Practice ¶ 55.01[2] at 55–61, 62 (1985 ed.)) ("'Where the defaulting party and counsel . . . have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency. . . .'"). Accordingly, Defendant "has not engaged in conduct which demonstrates disrespect for the Court." Id.

**B. Meritorious Defense**

A defense is deemed meritorious for Fed. R. Civ. P. 55(c) purposes "if 'there is some

possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" United States v. $22,050.00 in U.S. Currency, 595 F .3d 318, 326 (6th Cir. 2010) (quoting Burrell, 434 F.3d at 834). Accordingly, "a defense may be deemed meritorious regardless of whether it is actually likely to succeed on the merits." Seye, 2011 WL 3739142, *2. Defendant has raised affirmative defenses in its answer including the arguments that the theft endorsement should be barred by the doctrine of waiver or estoppel or disregarded because the endorsement was wrongfully placed in the policy by the agent for the insurance company. Contrary to Plaintiff's argument, these affirmative defenses are sufficient to meet this Rule 55 requirement.

**C. Prejudice**

Plaintiff will not be prejudiced if this Court sets aside the entry of default. While some delay will result if Defendant's motion is granted, "delay alone is not a sufficient basis for establishing prejudice." Pineda v. Marriott Intern., Inc., 2010 WL 5387835, *1 (E.D. Ky. Dec. 22, 2010). Instead, "'it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Krowtoh II LLC v. ExCelsius Intern. Ltd, 330 Fed Appx. 530, 535 (6th Cir. 2009)(quoting INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987)). Plaintiff has not shown that evidence has been lost or that the delay will create any increased difficulties obtaining relevant discovery.

The Court finds that the Defendant has satisfied the requirements of Fed. R. Civ. P. 55(c). Considering the strong preference for deciding cases on the merits, the Court exercises its discretion under Fed. R. Civ. P. 55(c) to set aside the entry of default.

## CONCLUSION

For these reasons set forth above, **IT IS HEREBY ORDERED** that the motion by

4

Defendant, STMCA LLC, to set aside entry of default [DN 28] and the amended motion by Defendant to set aside entry of default [DN 32] are **GRANTED**.

**IT IS FURTHER ORDERED** that the motion by Defendant for leave to file an answer and counterclaim out of time [DN 34] is **GRANTED**. The Clerk shall file the tendered Answer and Counterclaim.

**IT IS FURTHER ORDERED** that the motion by Plaintiff, Peerless Indemnity Insurance Company, for default judgment [DN 30] is **DENIED**.

cc: counsel of record